IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| ROBERT AYRES DaSILVA, JR. | CV 17-00115-GF-BMM-JTJ |
|---|---|
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CASCADE COUNTY DETENTION CENTER, COMMANDER O'FALLEN, BOB EDWARDS, C/Os BENNETT, LIGHT, VANZOUT, TIBBETTS, GAMON and WALTERS, and the CITY OF GREAT FALLS, | |
| Defendants. | |

Plaintiff Robert DaSilva filed a Motion to Proceed in Forma Pauperis (Doc. 1), a proposed Complaint alleging he has been confined in unconstitutional conditions of confinement at the Cascade County Detention Facility (Doc. 2), a Motion to Amend (Doc. 3), and a document in which he challenges several aspects of his ongoing criminal prosecution in state court (Doc. 4).

The motion to proceed in forma pauperis and motion to amend will be granted. Defendants O'Fallen, Edwards, Bennett, Light, Vanzout, Tibbetts, Gamon, Walters, and Lammers will be required to respond to the Complaint but City of Great Falls should be dismissed. The Court must abstain from hearing Mr.

1

DaSilva's challenge to his ongoing state court proceedings pursuant to the *Younger* doctrine. Mr. DaSilva's request for appointment of counsel contained in his motion to amend will be denied.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. DaSilva must pay the statutory filing fee of $350.00. Mr. DaSilva submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").

Mr. DaSilva will be required to pay the filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. DaSilva must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Mr. DaSilva is held to forward payments from Mr. DaSilva's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. PARTIES

Mr. DaSilva is a pretrial detainee currently incarcerated at the Cascade County Detention Center in Great Falls, Montana.

Mr. DaSilva names the following Defendants: the City of Great Falls; Bob Edwards, Sheriff/Warden of Cascade Detention Center; Officers Bennett, Light, Vanzout, Tibbetts, Gamon, and Walters, Jailers at the Cascade County Detention Center; and Commander O'Fallen, Warden/Commander of the Cascade County Detention Center. (Complaint, Doc. 2 at 2-3.)

In his Motion to Amend (Doc. 4), Mr. DaSilva seeks to add Correctional Officer Lammers as a Defendant.

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Mr. DaSilva is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The Court has considered whether Mr. DaSilva's Complaint is frivolous,

malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. DaSilva has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Mr. DaSilva has raised claims of overcrowding at the Cascade County Detention Center, excessive use of force, failure to properly decontaminate after use of pepper spray, labeling him a snitch, and interference with his legal mail. Defendants Edwards, O'Fallen, Bennett, Light, Vanzout, Tibbetts, Gamon, Walters, and Lammers must respond to the Complaint. *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

The Court however, will recommend the dismissal of the City of Great Falls. Mr. DaSilva is being held at the Cascade County Detention Center which is a county entity–not a city entity. The Court sees no basis for City liability in this matter.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

In his Motion to Amend (Doc. 4), Mr. DaSilva also requests the appointment of counsel. No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Mr. DaSilva argues given his current incarceration he is unable to obtain legal literature which will prejudice his ability to petition for redress. (Doc. 4 at 2-3.) Mr. DaSilva has not, however, demonstrated a likelihood of success on the

5

merits or an inability to articulate his claims pro se. He has provided concise, articulate, and detailed statements of the facts and arguments in this case and as set forth herein, he has stated a claim for a relief. Although he has stated a claim, he has not established the exceptional circumstances necessary for the Court to request counsel to represent him in this matter. The request for the appointment of counsel will be denied.

## V. NOVEMBER 1, 2017 FILING

On November 1, 2017, Mr. DaSilva filed a document entitled "Prisoners Complaint condition confound by Trial Continuance and Presiding Judge not recusing. (He has prosicuted [sic] in past)." (Doc. 6.) Therein, Mr. DaSilva makes several allegations and complaints about his state court criminal proceedings. The Court must abstain from hearing any claims related to Mr. DaSilva's ongoing state court criminal proceedings.

There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *see also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San*

6

*Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings. *Gilbertson*, at 381 F.3d at 968.

*Younger* abstention also applies to federal civil actions under § 1983 requesting money damages. *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004). Claims for damages which turn on alleged violations of constitutional rights caused by ongoing criminal prosecutions implicate the same grounds for abstention as are implicated by claims for injunctive and declaratory relief. *Gilbertson*, 381 F.3d at 979-980.

The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

Where applicable, *Younger* abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id*. (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention are established in this case. First, Mr. DaSilva has clearly established that there are ongoing criminal proceedings pending against him in state court.

Second, the referenced criminal proceedings implicate important state interests. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when that prosecutorial process is ongoing as alleged by Mr. DaSilva.

Third, with regard to Mr. DaSilva's opportunity to raise any issue, or to assert any constitutional right in the state court — matters that he is attempting to present to this Court — he bears the burden to establish "that state procedural law

bar[s] presentation of [his] claims[]" in the state court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). Mr. DaSilva has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his prosecution as pled in this case.

Fourth, any interference by this Court in Mr. DaSilva's state court criminal proceedings would interfere with the state court proceedings in a way that *Younger* disapproves.

The Court can see no exceptional circumstances that would render *Younger* abstention inapplicable. Consequently, the Court should abstain from proceeding with consideration of Mr. DaSilva's allegations regarding his ongoing state court criminal proceedings as set forth in his supplemental brief filed November 1, 2017. (Doc. 6.)

Based on the foregoing, the Court issues the following:

### ORDER

1. Mr. DaSilva's Motion to Proceed in Forma Pauperis (Doc. 1) is granted. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to

remove the word "LODGED." The Complaint is deemed filed on October 6, 2017.

2. Mr. DaSilva's Motion to Amend (Doc. 4) is GRANTED with regard to the addition of Officer Lammers. The Clerk is directed to add Officer Lammers as a Defendant on the docket.

3. Mr. DaSilva's Motion for Appointment of Counsel contained in his Motion to Amend (Doc. 4) is DENIED.

4. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Edwards, O'Fallen, Bennett, Light, Vanzout, Tibbetts, Gamon, Walters, and Lammers to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

5. The Clerk of Court shall forward the documents listed below to:

| | |
|---|---|
| Joshua Racki<br>Cascade County Attorney<br>121 4th Street North #2A<br>Great Falls, MT 59401 | Sheriff Bob Edwards, Commander<br>O'Fallen, and Correctional Officers<br>Bennett, Light, Vanzout, Tibbetts,<br>Gamon, Walters, and Lammers<br>Cascade County Detention Center<br>3800 Ulm North Frontage Road<br>Great Falls, MT 59404 |

* Complaint (Doc. 2);
* Motion to Amend (Doc. 4);
* Brief in Support of Motion to Amend (Doc. 5);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

6. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

7. Mr. DaSilva must not make any motion for default until at least seventy

(70) days after the date of this Order.

8. Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

9. At all times during the pendency of this action, Mr. DaSilva must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATIONS

1. The City of Great Falls, Montana should be DISMISSED.

2. The Court should ABSTAIN from hearing Mr. DaSilva's claims regarding his ongoing state court criminal prosecution as set forth in his supplemental brief filed November 1, 2017 (Doc. 6.).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. DaSilva may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. DaSilva is being served

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of November, 2017.

                                                  */s/ John Johnston*
                                                  John Johnston
                                                  United States Magistrate Judge

---

by mail, he is entitled an additional three (3) days after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DaSILVA, JR.<br><br>Plaintiff,<br><br>vs.<br><br>CASCADE COUNTY DETENTION CENTER, COMMANDER O'FALLEN, BOB EDWARDS, C/Os BENNETT, LIGHT, VANZOUT, TIBBETTS, GAMON and WALTERS, and the CITY OF GREAT FALLS,<br><br>Defendants. | CV 17-00115-GF-BMM-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

To:
Joshua Racki
Cascade County Attorney
121 4th Street North #2A
Great Falls, MT 59401

Sheriff Bob Edwards, Commander O'Fallen, and Correctional Officers Bennett, Light, Vanzout, Tibbetts, Gamon, Walters, and Lammers
Cascade County Detention Center
3800 Ulm North Frontage Road
Great Falls, MT 59404

A lawsuit has been filed against you or individuals you may represent in this Court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these

1

expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants had been served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and Complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 6th day of November, 2017.

                                          */s/ John Johnston*
                                          John Johnston
                                          United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed

waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MONTANA
                           GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DaSILVA, JR. | CV 17-00115-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Waiver of the Service of Summons |
| CASCADE COUNTY DETENTION CENTER, COMMANDER O'FALLEN, BOB EDWARDS, C/Os BENNETT, LIGHT, VANZOUT, TIBBETTS, GAMON and WALTERS, and the CITY OF GREAT FALLS, | |
| Defendants. | |

TO:  The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of the request to waive service of summons in this case. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____, _____,

_____, _____,

1

_____,   _____,

_____,   _____,

_____,   _____,

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)