IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DaSILVA, JR. | CV 17-00115-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CASCADE COUNTY DETENTION CENTER, COMMANDER O'FALLEN, BOB EDWARDS, C/Os BENNETT, LIGHT, VANZOUT, TIBBETTS, GAMON and WALTERS, | |
| Defendants. | |

Plaintiff Robert DaSilva, a prisoner proceeding in forma pauperis and without counsel, filed a document entitled "Brief and Order Request with a Motion to Amend and add Cascade County in place of City of G.F" (Doc. 18) which has been construed as a motion to amend/compel; a document entitled "Prisoner's Complaint condition Confounded by Article II, Section 36 (2017) Montana's Constitution "Marsy's Law" Violation (Doc. 19) which has been construed as a motion for reconsideration; and a document entitled "For Clearification [sic] of Defendant[s] is Needed" (Doc. 21) which has been construed as a motion to clarify.

1

## I. MOTION TO AMEND/COMPEL (Doc. 18)

Mr. DaSilva's first motion contains a number of requests which will be individually addressed herein.

### A. Defendant Lammers

On December 13, 2017, this Court issued an Order requiring Mr. DaSilva to provide the necessary information to effectuate service on Defendant Patricia Lammers. (Doc. 17.) In his current filing, Mr. DaSilva argues that he is a pretrial detainee and therefore it is impossible for him to get Defendant Lammers's address. He seeks an order for the release of Defendant Lammers employment records and any change of address she may have used for a final pay check.

Defendants will be directed to provide Mr. DaSilva with Defendant Lammers' address or alternatively accept service on behalf of Lammers. Mr. DaSilva will be given an extension of time to provide service information on Defendant Lammers.

### B. Video

Mr. DaSilva also seeks videos of the September 4, 2017 incident when pepper spray was allegedly used on inmates in P-Pod. As set forth in the Scheduling Order filed contemporaneously herewith, Defendants will be required to produce to Mr. DaSilva within 60 days all documents, electronically stored

2

information, and tangible things that may be used in proving or denying any party's claims or defenses.  If videos of the incident at issue exist, those videos could be used in proving Mr. DaSilva's claims and therefore they must be produced with Defendants' document production.

### C.  Cascade County

Mr. DaSilva also seeks to add Cascade County as a Defendant in place of the City of Great Falls.  In his Complaint, Mr. DaSilva alleged that the City of Great Falls knowing allows substandard conditions and poorly trained staff at the Cascade County Detention Center.  (Complaint, Doc. 2 at 4.)  The Court has considered whether these allegations if made against Cascade County as opposed to the City are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. DaSilva has a reasonable opportunity to prevail on the merits.  *See* 42 U.S.C. § 1997e(g).  Dismissal is not appropriate at this time. Cascade County must respond to the Complaint.  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made

a preliminary determination based on the face on the pleading alone that plaintiff

has a "reasonable opportunity to prevail on the merits," Defendant is required to

respond).

### D.  Joshua Racki

Mr. DaSilva names Joshua Racki as Cascade County's Chief Law

Enforcement Officer and argues that he should be added as a Defendant because

he is allegedly responsible for seeing that the Bureau of Prison's policies

regarding security and safety at Cascade County Detention Center are met and

makes certification to the United States Marshals regarding such.  (Doc. 18-2 at 2.)

Mr. DaSilva is a state prisoner and the Court fails to see the relevance of

Mr. Racki's representations to the Bureau of Prisons and/or the United States

Marshals to this matter.  The motion to amend to add Mr. Racki should be denied.

## II.  MOTION FOR RECONSIDERATION (Doc. 19)

In his second motion, Mr. DaSilva seeks dismissal of his state criminal

charges arguing that they have been tainted by Marsy's Law which has been struck

down by the Montana Supreme Court.  The Court has construed this filing as a

motion for reconsideration of Judge Morris's November 29, 2017 decision (Doc.

13) to abstain from hearing Mr. DaSilva's claims regarding his ongoing state court

criminal prosecution pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  He

4

argues that there are exceptional circumstances to intervene in the state court

proceeding because the state can no longer hope to convict him of the crime

charged because it is infected with Marsy's Law which has been struck down.

(Doc. 19 at 2.)

Local Rule 7.3 provides as follows:

(a) Leave of Court Required. No one may file a motion for
reconsideration of an interlocutory order without prior leave of court.

(b) Form and Content of Motion for Leave. A motion for leave to file
a motion for reconsideration may seek reconsideration only of an
interlocutory order, must be limited to 2,275 words or, for pro se
litigants, seven pages, and must specify why it meets at least one of
the following:
  (1) (A) the facts or applicable law are materially different
          from the facts or applicable law that the parties
          presented to the court before entry of the order for
          which reconsideration is sought, and
      (B) despite the exercise of reasonable diligence, the
          party applying for reconsideration did not know
          such fact or law before entry of the order; or
  (2) new material facts arose or a change of law occurred
      after entry of the order.

(c) Prohibition Against Repetition of Argument. No motion for leave
to file a motion for reconsideration of an interlocutory order may
repeat any oral or written argument made by the applying party before
entry of the order. Violation of this restriction subjects the offending
party to appropriate sanctions.

Mr. DaSilva failed to comply with this Local Rule.  First, he did not file a

motion for leave to file a motion for reconsideration.  Even if the Court liberally

construes Mr. DaSilva's filing as a motion for leave to file a motion for reconsideration it does not meet the above standard.  He fails to establish that the applicable law is materially different from what he presented to the Court before entry of the order for which reconsideration is sought.  On November 1, 2017, the Montana Supreme Court held that Constitutional Initiative 116, commonly known as Marsy's Law, was void because the procedure by which it was submitted to voters failed to conform to Montana's constitutional requirements.  *Montana Association of Counties v. State of Montana*, 389 Mont. 183, 404 P.3d 733 (2017).  The Findings and Recommendations recommending that Mr. DaSilva's claims regarding his pending state criminal charges be stayed was issued November 6, 2017 (Doc. 7) five days after the Marsy's Law decision.  Thereafter, Mr. DaSilva had an opportunity to file objections which he did but he failed to raise his Marsy's Law argument in those objections.  (Doc. 9.)  Judge Morris issued his Order adopting the Recommendations on November 29, 2017.  (Doc. 13.)  As such, Mr. DaSilva cannot argue that the applicable law is material different from that when he presented his arguments to the court.  Further, he cannot establish that there was a change in the law after entry of the order at issue.

Notwithstanding Mr. DaSilva's failure to comply with Local Rule 7.3, his allegations do not plausibly suggest exceptional circumstances that would render

*Younger* abstention inapplicable.  There has been no showing of bad faith, harassment or other extraordinary circumstances.  *See Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982).  Mr. DaSilva has the opportunity to litigate any federal constitutional challenge he may have in state court.

The motion for reconsideration should be denied for failure to comply with Local Rule 7.3.

## III.  MOTION FOR CLARIFICATION

Mr. DaSilva has filed a motion to clarify regarding the status of the Cascade County Detention Center as a named Defendant in this action.  The case style in Mr. DaSilva's original Complaint is somewhat confusing in that it lists as defendants: "Cascade County Detention Center's, Camander O'Fallen, Bob Edwards, c/o Bennett, Light, Vanzout, Tibbetts, Famon and Wlaters, City of Great Falls."  (Doc. 2 at 1.)  However, in the section of the Complaint where Mr. DaSilva was to list the parties to the complaint he listed the following Defendants: City of Great Falls Montana, Bob Edwards and his Staff to be named, Bennett, Light, Vanzout, Tibbetts, Gamon, Walters, and Commander O'Fallon and his Employees.  (Doc. 2 at 2-3.)  Since the Cascade County Detention Center was not listed as a defendant in the body of the Complaint, the Court did not consider it as

7

a Defendant in the screening/service order.  (Doc. 7.)

Nevertheless, the Cascade County Detention Center is not entity capable of being sued and is not a proper party to this action.  In Montana, a detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center."  Mont.Code Ann. § 7–32–2120.  A detention facility is merely a building that cannot be sued.  *Barnes v. Missoula County Detention Facility*, 2008 WL 5412448 (D.Mont. 2008); *Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969).  The motion to clarify should be denied to the extent it seeks to add the Cascade County Detention Center as a defendant and the Detention Center should be terminated as a defendant on the docket.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. DaSilva's Motion to Compel Defendant Lammers' address (Doc. 18) is GRANTED.  Counsel for Defendants shall provide Defendant Lammers' last known address to Mr. DaSilva on or before January 26, 2018.  Should he still want to proceed against Defendant Lammers, Mr. DaSilva shall have until February 16, 2018 to provide the Court with the necessary information to effectuate service on Defendant Patricia Lammers.  If he fails to provide this information on or before

8

February 16, 2018, the Court will recommend that Defendant Lammers be dismissed from this lawsuit.

2.  Mr. DaSilva's Motion to Compel videos of the September 4, 2017 incident at issue (Doc. 18) is GRANTED.  Defendants shall produce the applicable videos in accordance with the Court's Scheduling Order, filed contemporaneously herewith.

3.  Mr. DaSilva's Motion to Add Cascade County in the place of the City of Great Falls (Doc. 18) is GRANTED.  Counsel for Defendants shall notify the Court whether they will accept service on behalf of Cascade County on or before January 26, 2018.  If so, Cascade County's Answer will be due on or before February 9, 2018.

4.  At all times during the pendency of this action, Mr. DaSilva's must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. DaSilva's Motion to Add Joshua Ricki as a Defendant (Doc. 18)

should be DENIED.

2.  Mr. DaSilva's Motion for Reconsideration (Doc. 19) should be DENIED.

3.  Mr. DaSilva's Motion to Clarify (Doc. 21) to the extent it seeks to add

Cascade County Detention Center as a Defendant should be DENIED and Cascade

County Detention Center should be terminated as a defendant on the docket.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. DaSilva may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 12th day of January, 2018.

   */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. DaSilva is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.