IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DᴀSILVA, JR. | CV 17-00115-GF-JTJ[2] |
| Plaintiff, | |
| vs. | |
| | Oʀᴅᴇʀ |
| CASCADE COUNTY DETENTION CENTER, DAN O'FALLON, BOB EDWARDS, NATHAN BENNETT, CORY LIGHT, JACOB VAN ZUYT, JUSTIN TIBBITTS, BLAYNE GAMEON, VALENTINE WALTERS, and PATRICIA LAMMERS,[1] | |
| Defendants. | |

Plaintiff Robert DaSilva has filed the following motions:  Motion for

Security of Cost (Doc. 30.); Motion for Summary Judgment/Default Judgment

(Doc. 31); Motion for Leave to File Motion for Reconsideration of Order denying

Motion for Appointment of Counsel (Doc. 43); Motion to Amend to Correct

---

[1]As set forth below, the case caption has been amended to reflect the correct spelling of Defendants' names.

[2]Pursuant to 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and upon the written consent of the parties, this matter was reassigned to the undersigned on February 8, 2018 to conduct all further proceedings, enter judgment, and conduct all post-trial proceedings in the above-captioned matter.  (Doc. 37.)

Spelling of Defendants' Names (Doc. 45); Motion Opposing Untimely filed Response (Doc. 49); Motion for Leave to File Motion for Reconsideration (Doc. 56); and Motion to Amend (Doc. 58). In addition, Defendants have filed a Motion for Partial Summary Judgment (Doc. 64).

Aside from Mr. DaSilva's motion to correct the spelling of Defendants' names (Doc. 45), all motions will be denied.

## I. Motion for Security of Cost (Doc. 30)

Mr. DaSilva moves pursuant to "Civil Rule 67.3"[3] for the Court to secure a bond from Defendants in the amount of $3,383,000.00 based upon his motion for summary judgment or default judgment. Rule 67(a) of the Federal Rules of Civil Procedure provides that "in an action in which any part of the relief sought is a judgment for a sum of money . . . a party . . . by leave of court, may deposit with the court all or any part of such sum . . . " Rule 67 is not generally employed as a means by which a defendant can be required to prepay a potential judgment. Regardless, as set forth below, Mr. DaSilva's motion for summary judgment/ default will be denied and therefore the motion for security of costs will also be denied.

_____

[3]Presumably, Mr. DaSilva is referring to Local Rule 67.3(a) which provides: "On a party's or its own motion, the court may at any time order any party to file a bond for costs in such amount and so conditioned as the court may designate."

## II. Plaintiff's Motion for Summary Judgment/Default Judgment (Doc. 31)

In his Motion for Summary Judgment or Alternatively for Default Judgment, Mr. DaSilva argues Defendants admitted to certain facts in their Answer and failed to respond to certain allegations which entitles him to judgment as a matter of law. (Doc. 31.)  Although some facts have been admitted, Defendants have not admitted liability and Mr. DaSilva has not established that there is no genuine dispute as to any material fact.  The motion for summary judgment/default judgment will be denied.

### A. Standard

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such

materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (*citing Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B). Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11. But "[a] plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence." *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Costa Cnty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*,

810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted).

## B. Analysis

Mr. DaSilva first contends that he is entitled to summary judgment based upon Defendants' admission that the Cascade County Detention Center ("CCDC") is overcrowded because it houses more prisoners than its designed capacity. Defendants do not dispute this contention but argue that the mere fact that CCDC was overcrowded is insufficient to establish a constitutional violation. Defendants are correct, overcrowding, by itself, is not a constitutional violation. *Doty v. County of Lassen*, 37 F.3d 540, 545 n.1 (9th Cir. 1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982).

At all times relevant to the Complaint, Mr. DaSilva was a pretrial detainee. A pretrial detainee's (as opposed to a convicted prisoner's) constitutional rights relative to conditions of confinement are addressed under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment's prohibition against cruel and unusual punishment applicable to convicted inmates. *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). In the past, it was assumed that the standard applicable to a pretrial detainee's conditions of

confinement claims brought under the Fourteenth Amendment was the same state of mind requirement as an Eighth Amendment violation, i.e., subjective deliberate indifference to a substantial risk of serious harm. *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010). The United States Supreme Court, however applied an objective deliberate indifference standard to a pretrial detainee's claims of excessive force in *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). The Ninth Circuit has extended the *Kingsley* rationale to a Fourteenth Amendment failure-to-protect claim (*Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) and a pre-trial detainee's medical care claims (*Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018)). *See also Darnell v. City of New York*, 849 F.3d 17, 36 (2nd Cir. 2017)(opining on a wide range of conditions of confinement claims brought by twenty pretrial detainees, the court held "[c]onsistency with the Supreme Court's decision in *Kingsley* now dictates that deliberate indifference be measured objectively in due process cases").

While the Ninth Circuit has not expressly extended the objective deliberate indifference standards to all conditions of confinement claims, out of an abundance of caution, this Court will analyze Mr. DaSilva's claims under the objective reasonableness test. That test requires a plaintiff to show that:

(1) The defendant made an intentional decision with respect to the

conditions under which the plaintiff was confined;
(2) Those conditions put plaintiff at substantial risk of suffering serious harm;
(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved-making the consequences of the defendant's conduct obvious; and
(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071 & n.4. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the "facts and circumstances of each particular case." ' " *Id. quoting Kingsley*, 135 S.Ct. at 2473 (*quoting Graham v. Connor*, 490 U.S. 386, 396 (1989)(ref. Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it")).

With regard to Mr. DaSilva's overcrowding allegations, there are genuine issues of material fact regarding whether Defendants made intentional decisions with respect to the overcrowding situation at CCDC, whether those conditions put Mr. DaSilva at a substantial risk of suffering serious harm, whether Defendants took reasonable available measures to abate that risk, whether Mr. DaSilva suffered

injuries as a result of the overcrowding at CCDC, and whether any failure to take reasonable available measures to abate the risk was the cause of an injury to Mr. DaSilva. There are insufficient facts in the record to establish that the overcrowding at CCDC led to any constitutional violation. Mr. DaSilva's motion for summary judgment will be denied on this claim.

Secondly, Mr. DaSilva contends Defendants admitted they do not provide a legal library or computer searches to pre-trial detainees and they failed to answer his claims of prejudice and his claim that he had a right to literature. (Doc. 31 at 2.) Defendants admit that pre-trial detainees incarcerated at CCDC are not provided access to the legal library or computer access for general legal research searches. (Doc. 20 at 3.) But again, that admission, by itself, is insufficient to establish a constitutional violation.

"Prisoners have a constitutional right of access to the courts." *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011) *overruled on other grounds by Richey v. Dahne*, 87 F.3d 1202, 1209 n. 6 (9th Cir. 2015). This right includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress" of a prisoner's grievances. *Id.* at 1102. The Ninth Circuit differentiates between claims involving a prisoner's right to affirmative assistance, which is limited to the tools necessary to attack a sentence and

"challenge the conditions of . . . confinement," and claims regarding a prisoner's right to litigate without active interference. *Id.*

In *Lewis*, the Supreme Court explained that an "actual injury" must arise before a prisoner has the standing to assert either right. *See Lewis*, 518 U.S. at 349–52. An "actual injury" occurs when there is a "specific instance" in which a prisoner was denied access. *Id.* at 349. The injury requirement is "not satisfied by just any type of frustrated legal claim." *Id.* at 354–55. It is only satisfied when an inmate is denied access with regard to a direct appeal from his or her conviction, a habeas petition, or a civil rights action. *Id.* "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

Mr. DaSilva argues Defendants' policy and practice prejudiced him from bringing this lawsuit with appropriate legal doctrine, legal precedent, and case law. (MSJ Brief, Doc. 32 at 5.) But Mr. DaSilva successfully filed this lawsuit and the right of access does not require a defendant "litigate effectively once in court." *Lewis*, 518 U.S. at 354. Mr. DaSilva has not demonstrated an actual injury such as the "inability to file a complaint or defend against a charge." *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining). Mr. DaSilva has presented insufficient facts to demonstrate that the lack of library or computer access caused an actual

injury with regard to this case and the Court will not infer such an injury.  Mr. DaSilva's motion for summary judgment regarding his access to the courts claims will be denied.

Third, Mr. DaSilva contends Defendants admit that they used pepper spray and they failed to answer the constitutional violations inherent and inferred from those actions.  (Doc. 31 at 2.)  As set forth above, under the Fourteenth Amendment, "courts must use an objective standard" to decide whether "force deliberately used is . . . excessive," and "objective reasonableness turns on the 'facts and circumstances of each particular case.' "  *Kingsley*, 135 S. Ct. at 2472-73 (*quoting Graham v. Connor*, 490 U.S. 386, 396 (1989)).  The following considerations "illustrate the types of objective circumstances potentially relevant to a determination of excessive force:"  "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting."  *Kingsley*, 135 S.Ct at 2473.

Although the Court has found that Mr. DaSilva's allegations generally state a cognizable excessive force claim, there are genuine issues of material fact regarding the need for Defendants' use of force, the amount of force used, whether

Mr. DaSilva was injured and if so the extent of that injury, any effort made by Defendants to temper or to limit the amount of force, the severity of the security problem at issue, the threat reasonably perceived by the officers, and whether Mr. DaSilva was actively resisting.  As such, the motion will be denied as to Mr. DaSilva's claims of excessive force.

Mr. DaSilva also seeks default judgment claiming Defendants failed to answer his claims regarding failure to decontaminate, labeling him as a snitch (retaliation), and an interference with mail claim.  (Docs. 31 at 3; 32 at 8.)  Rule 55(a) of the Federal Rules of Civil Procedure allow a party's default to be entered, "when the party has failed to plead or otherwise defend."  Defendants' Answer clearly states "With respect to all Counts, Defendants deny any allegation not specifically admitted."  (Doc. 20 at 3.)  Mr. DaSilva's claims are difficult to discern from his numerous filings and as such Defendants generally denied his allegations not specifically admitted.  The Court will not grant default judgment on these claims.

## III.  Motion for Leave to File Motion for Reconsideration (Doc. 43)

Mr. DaSilva seeks reconsideration of the Court's Order denying his motion for appointment of counsel.  Local Rule 7.3 provides as follows:

(a) Leave of Court Required. No one may file a motion for

reconsideration of an interlocutory order without prior leave of court.

(b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration may seek reconsideration only of an interlocutory order, must be limited to 2,275 words or, for pro se litigants, seven pages, and must specify why it meets at least one of the following:
- (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and
- (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
- (2) new material facts arose or a change of law occurred after entry of the order.

(c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration of an interlocutory order may repeat any oral or written argument made by the applying party before entry of the order. Violation of this restriction subjects the offending party to appropriate sanctions.

Mr. DaSilva does not establish that the facts or applicable law are materially different from the facts or law presented in his previous motion. He does not indicate that new material facts emerged after entry of the Court's order denying his request for counsel. Mr. DaSilva argues that because Defendants have admitted certain facts it demonstrates a likelihood of success on the merits. But, as set forth above, Defendants' admissions do not establish a constitutional violation. Further, the Court notes that Mr. DaSilva has been released from custody. (Notice of

13

Change of Address, Doc. 68.)  As such, the limits on Mr. DaSilva's access to legal materials that he allegedly experienced at CCDC no longer apply.  Mr. DaSilva has still not demonstrated a likelihood of success on the merits or that he is incapable of articulating his claims pro se.

The Court will not reconsider the denial of the request for the appointment of counsel at this time.

## IV.  Motion to Amend (Doc. 45)

Mr. DaSilva moves to correct the spelling of Defendants' names as provided in Defendants' Answer (Doc. 20 at 2.)  The motion will be granted and the case style in this matter has been amended to correct the spelling of those names.  The Clerk of Court will be directed to correct the spelling of Defendants' names in the docket.

## V.  Motion Opposing Untimely filed Response (Doc. 49)

Mr. DaSilva opposes what he contends is Defendants' untimely response to his motion for summary judgment.  Mr. DaSilva contends he provided his motion to prison officials on January 26, 2018 and Defendants did not file their response until February 20, 2018 which he contends is 25 days and they only had 21 days to respond.  (Doc. 49.)

Even assuming Mr. DaSilva's motion was filed on January 26, 2018 when

he gave it to prison officials, Defendants timely filed their response. Rule 6 of the

Federal Rules of Civil Procedure provides:

> (1) Period Stated in Days or a Longer Unit. When the period is stated
> in days or a longer unit of time:
>> (A) exclude the day of the event that triggers the period;
>> (B) count every day, including intermediate Saturdays,
>> Sundays, and legal holidays; and
>> (C) include the last day of the period, but if the last day is a
>> Saturday, Sunday, or legal holiday, the period continues to run
>> until the end of the next day that is not a Saturday, Sunday, or
>> legal holiday.

Fed.R.Civ.P. 6(a)(1). Further, Rule 6 provides:

> (d) Additional Time After Certain Kinds of Service. When a party
> may or must act within a specified time after being served and service
> is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or
> (F) (other means consented to), 3 days are added after the period
> would otherwise expire under Rule 6(a).

Fed.R.Civ.P. 6(d). As such, January 26, 2018 is excluded and the 21-day response

time began to run on January 27, 2018. Twenty-one days from January 27, 2018

was February 17, 2018. Because Mr. DaSilva served his motion by mail, three

days are added after the period would otherwise expire and Defendants' deadline

for filing a response to Mr. DaSilva's motion was February 20, 2018, the date

Defendants' response was filed. There is no rule which requires documents to be

electronically filed within the established business hours for the Clerk of Court's

Office. As such, the motion opposing the untimely filed response (Doc. 49) will be

denied.

## VI.  Motion for Leave to File Motion for Reconsideration (Doc. 56)

On November 6, 2017, this Court issued Findings and Recommendations that the Court abstain from hearing Mr. DaSilva's claims regarding his ongoing state court proceedings based upon the policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  (Doc. 7.)  That recommendation was adopted in full by District Court Judge Morris on November 29, 2017.  (Doc. 13.)  Mr. DaSilva filed a motion to reconsider that order on December 29, 2017.  (Doc. 19.)  This Court recommended that the December 29, 2017 motion for reconsideration be denied on January 12, 2018.  (Doc. 22.)  Those recommendations were adopted on April 5, 2018.  (Doc. 62.)

On March 28, 2018, Mr. DaSilva filed a second motion for reconsideration seeking to challenge his ongoing state court criminal proceedings.  As of March 28, 2018, there was no basis to reconsider the Court's prior *Younger* rulings.  Mr. DaSilva's criminal proceedings were still proceeding and there was no grounds listed in Mr. DaSilva's March 28, 2018 motion to render *Younger* abstention inapplicable.  As such, the March 28, 2018 motion for reconsideration will be denied.

However, in his April 16, 2018 Notice of Change of Address, Mr. DaSilva indicated he was released from custody on April 9, 2018 and the felony charges against him were dismissed. (Doc. 68.) As such, *Younger* may no longer apply and it may be possible for Mr. DaSilva to bring claims which were previously barred by *Younger*. Out of an abundance of caution, Mr. DaSilva will be given an opportunity to file an amended complaint to raise any claims which were previously barred by *Younger*.

## VII. Motion to Amend (Doc. 58)

Mr. DaSilva has also filed a motion to amend his Complaint to add defendants associated with his state court criminal proceedings (including the judge, defense counsel, public defender, and prosecutors). Although claims regarding the state court criminal proceedings may no longer be barred by *Younger*, the Defendants named in Mr. DaSilva's March 28, 2018 Motion to Add Additional Defendants (Doc. 58) are not proper Defendants and/or they are entitled to immunity.

Specifically, Judge Parker would be entitled to judicial immunity. Judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.

1988) ("A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.").

Similarly, prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997). Mr. DaSilva failed to allege facts sufficient to show that the prosecuting attorneys and entities (Cascade County Attorney's Office, Amanda Lowfink and Joshua Racki) alleged conduct was not "intimately associated with the judicial phase of the criminal process . . . " *Imbler v. Pachtman*, 424 U.S. 409, 430. As such, these potential defendants are entitled to prosecutorial immunity.

Finally, the Supreme Court has concluded that when criminal defense attorneys are acting in their role as advocate, they are not acting under color of state law for purposes of § 1983. *See, e.g., Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320–25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992) (en banc). In *Polk County*, the Supreme Court held that defense counsel "does not act under color of state law when performing a lawyer's

traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S. at 325. The Court reasoned that a public defender does not act under color of state law when representing a defendant in a state criminal proceeding for purposes of § 1983 because he or she is "not acting on behalf of the State; he is the State's adversary." *Id.* at 323 n.13. The case law clearly demonstrates that Mr. DaSilva may not bring a § 1983 action against his criminal defense attorneys based on their legal counsel in his criminal case.

Because the defendants Mr. DaSilva seeks to add in his motion to amend are not proper defendants and/or are entitled to immunity, the motion to amend will be denied.

## VIII. Defendants' Motion for Partial Summary Judgment (Doc. 64)

Defendants move for partial summary judgment on Mr. DaSilva's claim that Defendants retaliated against him. On October 29, 2017, Mr. DaSilva filed a grievance alleging that another inmate was placed on DaSilva's "enemy list" without DaSilva's knowledge, that his enemies list was disclosed to other inmates, and that the disclosure done in retaliation for filing the instant suit. Mr. DaSilva requested an investigation into an incident and that request was granted by the grievance officer on October 30, 2017. (Statement of Undisputed Facts, Doc. 66 at ¶¶ 6, 7.)

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement

states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002);

*Booth v. Churner*, 532 U.S. 731, 741 (2001). This means a prisoner must

"complete the administrative review process in accordance with the applicable

procedural rules, including deadlines, as a precondition to bringing suit in federal

court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory.

*Booth,* 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). Under the

PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at

218.

Failure to exhaust is "an affirmative defense the defendant must plead and

prove." *Jones*, 549 U.S. at 204. The appropriate means of determining whether a

defendant has proved a failure to exhaust is governed by the following

burden-shifting regime:

> a defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally

available administrative remedies effectively unavailable to him by
showing that the local remedies were ineffective, unobtainable,
unduly prolonged, inadequate, or obviously futile. The ultimate
burden of proof, however, remains with the defendants.

*Williams v. Paramo*, 775 F.3d 1182, 1190-1191 (9th Cir. 2015) (internal quotations

and citations omitted). "[T]here can be no 'absence of exhaustion' unless some

relief remains available." *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir.2005).

Therefore, the defendant must produce evidence showing that a remedy is available

"as a practical matter," that is, it must be "capable of use; at hand." *Albino*, 747

F.3d at 1171.

Here, Mr. DaSilva's October 28, 2017 grievance on the retaliation issue was

granted. Generally an inmate need not take further action on a grievance which has

been granted. *See Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010) ("An

inmate has no obligation to appeal from a grant of relief, or a partial grant that

satisfies him, in order to exhaust his administrative remedies.").

In addition, Defendants did not produce a copy of the grievance procedure

for CCDC. Therefore, it is impossible to determine whether Mr. DaSilva complied

with the applicable procedural rules in place at CCDC. *See Woodford*, 548 U.S. at

88.

Accordingly, the Court finds that Mr. DaSilva exhausted his administrative

remedies and Defendants' Motion for Partial Summary Judgment will be denied.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. DaSilva's Motion for Security of Cost (Doc. 30) is DENIED.

2. Mr. DaSilva's Motion for Summary Judgment (Doc. 31) is DENIED.

3. Mr. DaSilva's Motion for Leave to File Motion for Reconsideration of Order denying Motion for Appointment of Counsel (Doc. 43) is DENIED.

4. Mr. DaSilva's Motion to Amend to Correct Spelling of Defendants' Names (Doc. 45) is GRANTED. The Clerk of Court is directed to correct the spelling of Defendants' names in the docket.

5. Mr. DaSilva's Motion opposing Untimely filed Response (Doc. 49) is DENIED.

6. Mr. DaSilva's Motion for Leave to File Motion for Reconsideration of Orders abstaining from consideration of claims regarding state court criminal case (Doc. 56) is DENIED.

7. Mr. DaSilva's Motion to Amend (Doc. 58) is DENIED.

8. Defendants' Motion for Partial Summary Judgment (Doc. 64) is DENIED.

9. The Court's January 12, 2018 Scheduling Order (Doc. 23) is AMENDED

as follows:

a. Mr. DaSilva may file an amended complaint regarding any claims previously barred by *Younger* on or before October 19, 2018. If Mr. DaSilva fails to timely file an amended complaint on these issues, all claims regarding Mr. DaSilva criminal proceedings will dismissed.

b. All pretrial motions with supporting briefs shall be filed and served on or before **October 26, 2018**. Briefing shall be in accordance with Rule 7 of the Local Rules of the United States District Court for the District of Montana. Rule 7 provides that responses to motions to dismiss, for judgment on the pleadings, or for summary judgment must be filed within 21 days after the motion was filed, and responses to all other motions must be filed within 14 days after the motion was filed. L.R. 7.1(d)(1).

With the service copy of each motion, Defendants must provide Mr. DaSilva with a copy of the Court's Notice of Electronic Filing so Mr. DaSilva is aware of the actual filing date for each motion. Mr. DaSilva will be allowed an additional three days for mailing to be counted after the time period expires to file his response.

c. If no dispositive motions are filed on or before October 26, 2018, defense counsel must assume responsibility for convening a conference of all

parties for the purpose of preparing a Proposed Final Pretrial Order.  Counsel shall ensure that all tasks are accomplished as set forth in the Attachment to the January 12, 2018 Scheduling Order (Doc. 23) on or before **November 30, 2018**.  A Final Pretrial Conference and trial date will then be set by further Order of the Court.

10.  At all times during the pendency of this action, Mr. DaSilva must immediately advise the Court of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 27th day of September, 2018.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge