IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DaSILVA, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CASCADE COUNTY DETENTION CENTER, DAN O'FALLON, BOB EDWARDS, NATHAN BENNETT, CORY LIGHT, JACOB VAN ZUYT, JUSTIN TIBBITTS, BLAYNE GAMEON, VALENTINE WALTERS, and PATRICIA LAMMERS,<br><br>Defendants. | CV 17-00115-GF-JTJ<br><br><br><br>ORDER |

Plaintiff Robert DaSilva is a former prisoner proceeding in forma pauperis and without counsel. On October 26, 2018, Defendants filed a motion in limine and a motion for summary judgment. (Docs. 75, 77.) Mr. DaSilva did not respond and on December 7, 2018, this Court issued an order to show cause why this matter should not be dismissed for failure to prosecute. (Doc. 81.) Mr. DaSilva did not respond to the order to show cause.

Based upon Mr. DaSilva's failure to respond to Defendants' Motion in Limine (Doc. 75) and Defendants' Motion for Summary Judgment (Doc. 77) and

1

failure to respond to the Court's December 7, 2018 Order, this matter will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case is at a critical stage in that discovery has closed and a dispositive motion has been filed. Mr. DaSilva failed to respond to the dispositive motion and to this

Court's recent Order. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. DaSilva refuses to comply with Court imposed deadlines. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Mr. DaSilva's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing

additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* The Court gave Mr. DaSilva an opportunity to explain why he failed to respond to Defendants' motions (Doc. 81) and he did not respond. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. This matter is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to close this matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

2. The Clerk of Court is directed to have the docket reflect that the Court

certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 8th day of January, 2019.

                                                     */s/ John Johnston*
                                                     John Johnston
                                                     United States Magistrate